UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-2315-AS | Date | October 26, 2026 |
| Title | Colton Hajkhalil v. Garfield Beach CVS, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | Alka Sagar, United States Magistrate Judge |

| | |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Smart / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| None present | None present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS**

On September 24, 2025, Plaintiff filed a Complaint in Los Angeles County Superior Court case no. 25NNCV06742 against CVS Pharmacy, Inc., "Doe 1 (Manager)," and Does 2-50. (See Dkt. No. 1-1 at 20-24). The next day, CVS Pharmacy, Inc., was served with the Summons and Complaint. (See Dkt. No. 1 at 3; Dkt. No. 1-1 at 5). On October 15, 2025, Defendant Garfield Beach CVS, LLC, purportedly on behalf of itself and the erroneously sued and served CVS Pharmacy, Inc., filed an Answer to the Complaint in Los Angeles County Superior Court. (See Dkt. No. 1 at 2; Dkt. No. 1-1 at 26-32). On March 4, 2026, Defendant Garfield Beach CVS removed the action to this Court.[1] (See Dkt. No. 1). On March 11, 2026, the Clerk of the Court issued a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment").[2] (Dkt. No. 5).

[1] Defendant alleged that removal was timely. (See Dkt. No. 1 at 3). The timeliness of removal has not been challenged and is not at issue at this time.

[2] The Notice of Assignment advises that this case has been assigned to U.S. Magistrate Judge Alka Sagar for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination. For cases removed to this Court, the Notice of Assignment provides:

> [T]he deadline for each party to return this completed Form is seven (7) calendar days after service of this Form on that party. For incarcerated plaintiffs appearing without a lawyer, the deadline to return this completed Form is twenty-one (21) calendar days after service. For parties listed on the docket on the date of issuance of this Form, service is effective on the date of issuance. For parties not listed on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-2315-AS | Date | October 26, 2026 |
| Title | Colton Hajkhalil v. Garfield Beach CVS, LLC, et al. | | |

On June 4, 2026, the Court issued an Order to Show Cause Re Service of Process ("OSC") because more than ninety days had passed since the case was removed to this Court, and Plaintiff apparently had not served any Doe Defendants, including Defendant "Doe 1 (Manager)." (Dkt. No. 6); see Fed. R. Civ. P. 4(m) (giving plaintiffs ninety days from the filing of a complaint to serve all defendants); Wickersham v. Washington, 2014 WL 3846094, at *2 (W.D. Wash. Aug. 5, 2014) ("In an action removed from state court, the [ninety]-day period to serve process runs from the date of removal to federal court, rather than the date the action was filed in state court."); Rhodes v. Elec. Data Sys. Corp., 2006 WL 2830165 at *2 (E.D. Cal. Sept. 29, 2006) (denying as "premature" a motion to dismiss under Rule 12(b)(5) on the grounds that the deadline for service under Rule 4(m) had not yet lapsed, because "[t]he [ninety] day period runs from the date of removal as opposed to the date the state court action was filed").

On June 16, 2026, Plaintiff's counsel filed a declaration setting forth his proposal to seek discovery in order to identify the Doe Defendants and effectuate service, and he requested an extension of time to do so. (Dkt. No. 7). The Court therefore, on that same day, vacated the June 4 OSC and granted Plaintiff an additional ninety (90) days to complete discovery designed to ascertain the identity of the Doe Defendants and to serve the Doe Defendants. (Dkt. No. 8).

That ninety-day extension ended on September 16, 2026. (Id.). As of this date, however, Plaintiff still has not filed a proof of service as to any Doe Defendants, nor has he filed a request for the Clerk to issue a summons as to any Doe Defendants or sought a further extension of time to address this matter.

Accordingly, Plaintiff is again ORDERED TO SHOW CAUSE in writing, within fourteen (14) days of the date of this Order, why this case should not be dismissed without prejudice as to all Doe Defendants for failure to effect service and for lack of prosecution. Failure to timely file a written response to this Order may result in dismissal of this action against the Doe Defendants for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules

---

> the docket on the date of issuance, service of this Form must be effectuated by the initiating party under Local Rule 73-2.1.

(Dkt. No. 5 at 1). Pursuant to Local Rule 73-2.1, each newly served party or party added to the case must be served the Notice of Assignment at the time of service of the summons and complaint or other case-initiating document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-2315-AS | Date | October 26, 2026 |
| Title | Colton Hajkhalil v. Garfield Beach CVS, LLC, et al. | | |

of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order. See Fed. R. Civ. P. 41(b).

Plaintiff is reminded that each newly served party or party added to the case must be served with the Notice of Assignment at the time of service of the summons and complaint, and Plaintiff must file a proof of service indicating that Defendant was served with the Notice of Assignment.

**IT IS SO ORDERED.**